Michele R. Stafford, Esq. (SBN 172509)
Muriel B. Kaplan, Esq. (SBN 124607)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
mkaplan@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KOCHOO CONSTRUCTION CO., INC., a California Corporation, <br><br> Defendant. | Case No.:  C12-6208 WHA <br><br> **JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs F.G. CROSTHWAITE, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants KOCHOO CONSTRUCTION CO., INC., a California Corporation, and/or any alter egos and/or successor entities, as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. WILLIAM KOCHOO acknowledges that he is the RMO/CEO/President of KOCHOO CONSTRUCTION CO., INC. and specifically consents to the Court's jurisdiction for all proceedings herein. Mr. Kochoo (hereinafter "Guarantor") also confirms that in consideration of the within payment plan he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to KOCHOO CONSTRUCTION CO., INC. and/or any subsequent entity wherein Mr.

Kochoo is a principal shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction. Defendant and any additional entities in which WILLIAM KOCHOO is an officer, owner or possesses any ownership interest, including all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which KOCHOO CONSTRUCTION CO., INC. joins or merges, if any, shall also be bound by the terms of this Stipulation. Defendant and all such entities specifically consent to the Court's jurisdiction, which shall be specified in writing at the time of any assignment, affiliation or purchase of Defendant, along with the obligations to the terms herein.

3.     Defendant has become indebted to the Trust Funds as follows:

| Work Month-Year | Unpaid Contributions | 20% Liquid. Damages | 10% Interest (thru 1/31/13) | Total |
|---|---|---|---|---|
| 8/11 | 2,190.30 | 438.06 | 307.29 | 2,935.65 |
| 9/11 | 2,459.20 | 491.84 | 305.99 | 3,257.03 |
| 10/11 | 848.00 | 169.60 | 98.24 | 1,115.84 |
| 11/11 | 3,392.00 | 678.4 | 367.02 | 4,437.42 |
| 12/11 | 678.40 | 135.68 | 67.94 | 882.02 |
| 2/12 | 2,268.40 | 453.68 | 189.75 | 2,911.83 |
| 3/12 | 1,844.40 | 368.88 | 138.63 | 2,351.91 |
| 4/12 | 1,187.20 | 237.44 | 79.45 | 1,504.09 |
| 5/12 | 678.40 | 135.68 | 39.74 | 853.82 |
| **Subtotals:** | **$15,546.30** | **$3,109.26** | **$1,594.05** | |
| **Unpaid Contributions, Interest thereon, Liquidated Damages** (1/11-12/11; 2/12-5/12, breakdown above) | | | | **$20,249.61** |
| **10% Liquidated Damages on prior late-paid Contributions** (9/10-7/11; 1/12) | | | | **$4,189.25** |
| **10% Interest on prior late-paid Contributions** (9/10-7/11; 1/12) | | | | **$725.31** |
| **Attorneys' Fees (through 1/29/13)** | | | | **$1,584.00** |
| **Complaint Filing Fee; Service of Process** | | | | **$454.90** |
| **Grand Total:** | | | | **$27,203.07** |

4.     Defendant/Guarantor shall *conditionally* pay the amount of **$19,904.56**, representing all of the above amounts, **less liquidated damages in the amount of $7,298.51, which may be waived,** *expressly conditioned upon the Trustees' approval and upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on or before February 25, 2013, and on or before the 25th day of each month thereafter, for a period of twenty-four (24) months, through and including January 25, 2015, Defendant/Guarantor shall pay to Plaintiffs the amount of **$920.00** per month;

(b) Payments may be made by joint check, which shall be endorsed by Defendant/Guarantor prior to submission to Plaintiffs;

(c) Defendant/Guarantor shall have the right to increase the monthly payments at any time, without penalty;

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum, from <u>February 1, 2013</u>, in accordance with Plaintiffs' Trust Agreements;

(e) Payments shall be made payable to the "*Operating Engineers' Trust Funds*" and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 25th day of each month**.

(f) Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of any amounts owed by Defendant to Plaintiffs, regardless of whether or not there is a default herein.

(g) Prior to January 25, 2015, the deadline for Defendant/Guarantor's last monthly payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendant/Guarantor in writing of the final amount due, including any additional interest and attorneys' fees and costs, as well as any other amounts due under the terms herein. Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final conditional stipulated payment.

(h) Following payment of the last conditional monthly payment under the Stipulation, Defendant/Guarantor will be advised as to whether or not the conditional liquidated damages waiver has been granted by the Board of Trustees. If the waiver is granted, upon bank clearance of Defendant/Guarantor's last payment of the conditional balance, and confirmation that Defendant's account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment

with the Court. However, if the waiver is denied, monthly payments will continue until all liquidated damages due have been paid.

   (i)   Failure to comply with any of the above terms shall constitute a default of Defendant's obligations under this Stipulation and the provisions of ¶12 shall apply.

   6.   Defendant has represented to Plaintiffs' counsel that they intend to deactivate their account with Plaintiffs, as their employees will not be performing any covered work going forward. Nevertheless, beginning with contributions due, <u>if any</u>, for hours worked by Defendants' employees during the month of December 2012, and <u>for every month thereafter that the Bargaining Agreement remains in effect</u>, Defendants **shall remain current in any reports and contributions** that may be due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶12 shall apply.

   7.   Defendant shall make full disclosure of all jobs on which they are working by providing Plaintiffs with a monthly job report on the form attached hereto as *Exhibit A*, including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, start date and anticipated completion date, of each job. **Defendant shall submit said job report each month by facsimile to Michele R. Stafford at 415-882-9287, or to such other fax number as may be specified by Plaintiffs, or by email to both mstafford@sjlawcorp.com and ethurman@sjlawcorp.com.** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be emailed or faxed to Michele R. Stafford, concurrently with the monthly job reports. Failure by Defendant to timely submit updated monthly job reports shall constitute a default of the obligations under this agreement. This obligation remains in full force and effect regardless of whether Defendant's account is deactivated. So long as Defendant is in business, and work is being performed, regardless of whether it is covered under the current

Collective Bargaining Agreement, a job report shall be submitted.

8. Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions shall violate the condition for waiver of liquidated damages and shall be added to and become a part of this Judgment together with 20% liquidated damages and 10% per annum interest accrued on contributions and shall be subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9. **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request or with an audit in progress, if any, shall constitute a default of the obligations under this Agreement.

(a) If Defendant is unable to make payment in full as may be found due on any such audit, Defendant may request that Plaintiffs modify this payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amendment to Judgment within ten (10) days of its submission to Defendant. Failure to execute the revised agreement shall constitute a default of the terms herein.

(b) Failure by Defendant to submit either payment in full or request the addition of the amounts found due on audit to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

10. Any check not timely submitted, submitted by Defendant but failing to clear the bank, or unable to be negotiated for any reason for which Defendant is responsible, shall be

considered to be a default on the Judgment entered. If Defendant fails to submit its contribution reports, and/or certified payroll reports (if any) and/or job reports, and/or fails to comply with ***any*** of the terms of the Stipulation herein, this too shall constitute a default.

11. If a default occurs, Plaintiffs shall make a written demand, sent to Defendant/Guarantor by email to [melinakochoo@gmail.com](mailto:melinakochoo@gmail.com) and by regular mail, to cure said default within seven (7) days of the date of the notice from Plaintiffs. If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

12. In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a) The entire amount of $27,203.07 plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, including audit findings, if any, plus 20% liquidated damages and 10% per annum interest thereon shall be immediately due, together with any additional attorneys' fees and costs incurred;

(b) A Writ of Execution may be obtained against Defendant/Guarantor and all related entities without further notice, in the amount of the unpaid balance, plus any additional amounts due under the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor, and the balance due and owing as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

(c) Defendant/Guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.

13. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

14. In the event of the filing of a bankruptcy petition by Defendant/Guarantor, the

parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represent that no bankruptcy filings are anticipated.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, the Trust Agreements incorporated into the Collective Bargaining Agreement, and the law.

17. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19. The parties agree that the Court s~~hall retain jurisdiction of this matter until this Judgment is satisfie~~d.

///

///

///

///

///

-7-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-6208 WHA**

P:\CLIENTS\OE3CL\Kochoo Construction Co. Inc\Pleadings\C12-6208 WHA - Judgment Pursuant to Stipulation 021913.doc

20. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

Dated: March 1, 2013          **KOCHOO CONSTRUCTION COMPANY, INC., a California Corporation**

By: _____/S/_____
WILLIAM KOCHOO, its RMO/CEO/President

Dated: March 1, 2013          **WILLIAM KOCHOO, individually, as Guarantor**

By: _____/S/_____
WILLIAM KOCHOO

Dated: March 1, 2013          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
DAVID E. HAYNER
Collections Manager

Dated: March 1, 2013          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
MICHELE R. STAFFORD
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, ~~and that the Court shall retain jurisdiction over this matter~~.

Dated: March 6, 2013.

_____
William Alsup
United States District Judge

**Exhibit A**

***JOB REPORT FORM***
*\*\* Updated report must be emailed to mstafford@sjlawcorp.com and ethurman@sjlawcorp.com, or faxed to (415) 882-9287, by the 25th day of each month \*\**

Employer Name: **KOCHOO CONSTRUCTION CO., INC.**

Report for the month of _____, 20____Submitted by (name): _____

\*\*Please spell out project, owner and general contractor names\*\*

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

\*\*Attach additional sheets as necessary\*\*